GreeN, Judge,
delivered the opinion of the court:
The petition avers and the proof shows that on or about March 3, 1893, the plaintiff was commissioned as an officer of the United States Public Health Service under authority of the act of January 4, 1889; that on or about January 13, 1912, he was commissioned as Surgeon General of the United States in charge of the Public Health Service and continued as such until April 8,1920, since which time he has remained in said service as Assistant Surgeon General assigned to special duties in the United States and in foreign countries.
For each of the years 1918 to 1921, inclusive, the plaintiff filed income-tax returns as required by law and in these returns claimed an exemption of $3,500.00 out of the compensation received by him from the United States for services rendered in his official capacity. This exemption was claimed under the provisions of section 213 (b) (8) of the revenue acts of 1918 and 1921 which exclude from gross income and exempt from taxation “ so much of the amount received during the present war by a person in the military or naval forces of the United States as salary or compensation in any form from the United States for active services in such forces, as does not exceed $3,500.00.” The Commissioner of Internal Revenue disallowed this claim for exemp-. tion on the ground that the plaintiff was not entitled thereto under the provisions of the act above quoted. The issue in the case is whether this ruling was correct.
*505 The plaintiff rests his claim largely upon the order made by the President under date of April 3, 1917, set forth in Finding X above, by which “ it is ordered that hereafter in times of threatened or actual war the Public Health Service shall constitute a part of the military forces of the United States.” The claim is made that by virtue of this order the Public Health Service constituted a part of the military forces of the United States and that plaintiff is not required to show anything further in order to entitle him to the exemption provided by the statute.
Section 4 of the act of Congress of July 1, 1902, provides:
“ The President is authorized, in his discretion, to utilize the Public Health and Marine Hospital Service in times of threatened or actual war to such extent and in such manner as shall in his judgment promote the public interest, without, however, in anywise impairing the efficiency of the service for the purposes for which the same was created and is maintained.”
It is insisted on behalf of the defendant that the language of the act does not confer upon the President the authority to convert the Public Health and Marine Hospital Service into the military or naval forces of the United States, and that the order of the President set out above did not have the effect of incorporating the Public Health Service into the military or naval forces of the United States. In view of the decision of the court upon another matter which is controlling in the case, we do not find it necessary to express an opinion upon this question. A reading of the statute that creates the exemption relied upon plainly shows another provision that must be complied with in order to entitle the plaintiff to the benefits of the exemption. To bring himself within the provisions of the statute, the plaintiff must show that the exemption is claimed out of a salary received from the United States for “ active service in such forces.” It would not, of course, be required of plaintiff that he should show that he took part, even in the smallest degree, in the activities of any of the fighting units of such forces. It would be sufficient if he .participated in any of the proceedings of the military or naval forces, but the facts necessary to sustain plaintiff’s case in this respect are not shown. It *506 does not appear that the plaintiff was detailed for duty with either the Army or the Navy, or that he received any compensation during the period of the World War from either the Army or the Navy. In the absence of being detailed to military duty, it is quite obvious that the plaintiff performed no such duty, and it is conceded that he received his compensation from the Treasury Department and not from the Army or Navy. Not having been detailed to the military forces, he was at no time subject to the orders of the military authorities. It is clear that a person who performs no military duty of any kind, who is not subject to the orders of the military authorities, and who is not paid out of the appropriation for military purposes, is not in the “ active service ” of either the Army or the Navy regardless of any ruling made by the former Commissioner of Internal Revenue. The ruling of the Provost Marshal General had no application to the statute in question.
The Commissioner of Internal Revenue rightly refused plaintiff’s claim for exemption under this statute and his petition should be dismissed. It is so ordered.
Moss, Judge; Graham, Judge; and Booth, Chief Justice, concur.